JAY LAWRENCE FRIEDHEIM #4516
ADMIRALTY ADVOCATES®
820 Mililani Street, Suite 503
Honolulu, Hawaii  96813
Telephone No.  (808) 545-5454
Facsimile No.   (808) 528-1818
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| PRIMO MATEO, JR. | ) | CIVIL NO. 04-00716 JMS/LEK |
| | ) | (In Admiralty) |
| Plaintiff, | ) | |
| vs. | ) | PLAINTIFF'S PRETRIAL STATEMENT; |
| | ) | CERTIFICATE OF SERVICE |
| NCL, AMERICA, INC.; PRIDE | ) | |
| OF ALOHA, INC.; In Personam, | ) | Pretrial Conference |
| and the M/V PRIDE OF ALOHA, | ) | Date:      Tues., March 27, 2007 |
| O.N. 1153219 In Rem, | ) | Time:      9:00 a.m. |
| | ) | Judge:     Hon. Leslie E. Kobayashi |
| Defendants. | ) | Trial:      May 1, 2007 |

PLAINTIFF'S PRETRIAL STATEMENT

COMES NOW, Plaintiff PRIMO MATEO, JR., by and through his undersigned

counsel, and pursuant to Local Rule 16.6, U.S. District Court, District of Hawaii,

submits her Pretrial Statement.

I.     PARTY

Plaintiff PRIMO MATEO, JR.

II.    JURISDICTION AND VENUE

The jurisdiction and venue are not disputed.

III.   SUBSTANCE OF ACTION

Plaintiff was employed by Defendants NCL, AMERICA, INC.; PRIDE OF

ALOHA, INC., working onboard the M/V  PRIDE OF ALOHA, O.N. 1153219.  On

September 18, 2004, the Plaintiff was working on the M/V Pride of Aloha, a vessel in

navigation, as a Utility/ Hotel employee, moving luggage for passengers as part of his

job when he injured his right shoulder as he was stacking up luggage in the elevator.

Whereas, normally there are approximately 30 people moving luggage, that day there

were only about 18, and the people who were assigned to the job with him, left or did

not assist.  The vessel was under maned and as a result, Plaintiff seriously injured his

shoulder trying to get the job done without enough help.

Plaintiff went to the ship's physician, Dr. Edward Birdsong,  complaining of

pain in his right shoulder.  He was at first diagnosed with bursitis, and only prescribed

motrin, but later was x-rayed, and diagnosed with a rotator cuff injury.  Plaintiff was

given a permit to medically disembark for an orthopedic consult, and was able to be

seen by Dr. Gregory Kassel of Kauai Medical Clinic on September 20, 2004, and Dr.

Alex Aberin of Hilo Urgent Care Center on September 22, 2004.  Plaintiff received a

prescription for injections to his right shoulder and physical therapy.  He had physical

therapy at Island Rehab, Inc./Kilauea Rehab, Inc.  A January 13, 2005, MRI done at

Hawaii Radiologic Associates indicated a right shoulder rotator cuff tear.  On February

8, 2006, surgery was recommended, and right shoulder arthroscopy, SLAP repair, and

2

open rotator cuff repair was done on February 17, 2005, by Dr. Gutteling at Hilo

Community Surgery Center.  On February 8, 2006, another MRI arthogram of

Plaintiff's right shoulder was done by Hawaii Radiologic Associates  along with an

injection to the right shoulder joint.  In April, 2006, Plaintiff went to Dr. Gary

Okamura for a second opinion.  Apparently it was found that Plaintiff still had a

significant small tear of the supraspinatus tendon, and Dr. Okamura was unsure if the

residual tear contributed to Plaintiff's lack of full function, suggesting that the only

way to tell would be to perform a diagnostic arthroscopy.  On May 3, 2006, Dr.

Gutteling transferred care of Plaintiff to Dr. Okamura, and Plaintiff had surgery again

to his right shoulder on May 15, 2006.  Since that time Plaintiff has been continuing

treatment with Dr. Gary Okamura, whose deposition was taken on February 15, 2007.

On January 31, 2007 a Functional Capacity Evaluation was done at Kilauea Rehab,

Inc. indicating Plaintiff may have some difficulty returning to prior job.  (Previous

work level in the job of Hotel Utility was very heavy work).

IV.    UNDISPUTED FACTS

      Plaintiff's employer and Plaintiff's name.

V.    DISPUTED FACTUAL ISSUES

      All other issues are in dispute.

VI.    RELIEF PRAYED

      Jones Act, unseaworthiness, maintenance and cure; general and special damages,

3

costs of suit, prejudgment interest and other equitable relief.

VII.   <u>POINTS OF LAW</u>

There are no peculiar points of law.

VIII.  <u>PREVIOUS MOTIONS</u>

There have not been any motions filed in this case.

IX.    <u>WITNESSES TO BE CALLED</u>

MEDICAL EXPERTS

The following health care providers will testify as to examinations, diagnosis,

treatment, and prognosis as to Plaintiff's injury, and all matters relating to causation

and damages.

> Edward Birdsong, D.O.
> Ship's Physician, Pride of Aloha
> c/o    Jeffrey S. Portnoy, Esq.
>         1000 Bishop Street, Suite 1200
>         Honolulu, Hawaii  96813

> Alex Aberin, M.D.
> 45 Mohouli Street
> Hilo, Hawaii 96720

> Edward Gutteling, M.D.
> 45 Mohouli Street
> Hilo, Hawaii 96720

> Linda Loewenherz, P.T.
> Island Rehab, Inc./Kilauea Rehab, Inc.
> 45 Mohouli Street
> Hilo, Hawaii 96720

Matthew Byers, P.T. and Functional Capacity Evaluator
Island Rehab, Inc./Kilauea Rehab, Inc.
333 Kilauea Avenue
Hilo, Hawaii 96720

Robert Saito, M.D.
Hawaii Radiologic Associates
670 Ponahawai Street, #110
Hilo, Hawaii 96720

Gary Okamura, M.D.
The Queen's Physicians Office Bldg. II
1329 Lusitana St., Suite 501
Honolulu, Hawaii 96813

Plaintiff reserves the right to name rebuttal expert witnesses as required.

## NON-EXPERT WITNESSES

1.    Plaintiff Primo Mateo, Jr. will testify as to the event surrounding the accident, and as to liability and damages.

2.    Bryan Ramsey, Plaintiff's roommate and co-worker, (address unknown) - helped Plaintiff after the injury, will testify as to the events surrounding the accident, and as to liability and damages.

3.   Terrie Johnson, ship's  nurse and co-worker, (address unknown) - will testify as to the events surrounding the accident, and as to liability and damages.

4.   Wayne Garcia, head steward, (address unknown) - will testify as to the events surrounding the accident, and as to liability and damages.

5.    Guy Silva, co-worker in housekeeping, (address unknown) - will testify as to the events surrounding the accident, and as to liability and damages.

6.    Steven Tam, co-worker, (address unknown) - will testify as to the events surrounding the accident, and as to liability and damages.

7.    Jacob Laprietz, co-worker in housekeeping, (address unknown) - will testify as to the events surrounding the accident, and as to liability and damages.

8.    Kepola Ahin, co-worker with Plaintiff when he hurt his shoulder, (address unknown) - will testify as to the events surrounding the accident, and as to liability and damages.

9.    Andre (last name unknown), steward in housekeeping, (address unknown) - will testify as to the events surrounding the accident, and as to liability and damages.

10.    Royce (last name unknown), roommate and co-worker, (address unknown) - will testify as to the events surrounding the accident, and as to liability and damages.

11.    Eunices Ramos, Claims Adjuster-Human Resources, person for the company in Miami, Florida, (address unknown) - will testify as to the events surrounding the accident, and as to liability and damages.

12.    Additional fact witnesses as may be disclosed pending discovery.


X.    <u>EXHIBITS, SCHEDULES AND SUMMARIES</u>

1.   Plaintiff's First Amended Complaint, filed 2/3/05;

2.   Defendant's Answer to Plaintiff's First Amended Complaint filed 2/28/05;

3.   All discovery responses propounded by the parties in this action.

4.   All of Plaintiff's medical and employment files obtained in this matter.

5.   Deposition transcripts and exhibits

6.    Anatomical model of shoulder.

7.   All exhibits listed in defendant's pretrial statement.

8.   Plaintiff reserves the right to use and/or introduce into evidence at trial any exhibits as deemed necessary by ongoing discovery and as deemed necessary for rebuttal purposes.

## XI.  FURTHER DISCOVERY OR MOTIONS

The discovery deadline expired on March 2, 2007.  Plaintiff and Defendants may take additional depositions for perpetuating of testimony by agreement.

## XII.  STIPULATIONS

No further stipulations are anticipated.

## XIII.  AMENDMENTS, DISMISSALS

None anticipated.

XIV. <u>SETTLEMENT DISCUSSION</u>

On November 28, 2006, Defendants offered $15,000 for a full and complete settlement.

XV.    <u>AGREED STATEMENT</u>

None

XVI.    <u>BIFURCATION, SEPARATE TRIAL OF ISSUES</u>

Bifurcation of the trial is neither feasible nor desired.

XVII.    <u>REFERENCE TO MASTER OR MAGISTRATE</u>

No reference to Master or Magistrate has been requested or granted.

XVIII. <u>APPOINTMENT AND LIMITATION OF EXPERTS</u>

Appointment by the court of an impartial expert witnesses and limitation of the number of experts is not feasible nor desired.

XIX.    <u>TRIAL</u>

Plaintiff has demanded a trial by jury which is currently set for May 1, 2007 before the Honorable J. Michael Seabright.

XX.    <u>ESTIMATE OF TRIAL TIME</u>

Plaintiff anticipates the trial will take 4-5 days.

XXI.    <u>CLAIMS OF PRIVILEGE OR WORK PRODUCT</u>

None anticipated.

XXII.   <u>OTHER ISSUES</u>

None

DATED:  Honolulu, Hawaii, <u>  March 19, 2007  </u>.


<u>  /s/ Jay Lawrence Friedheim  </u>
JAY LAWRENCE FRIEDHEIM
Attorney for Plaintiff

_____
PRIMO MATEO vs. NCL AMERICA, INC., PRIDE OF ALOHA, INC., et al.
Civil No. 04-00716 JMS/LEK
Plaintiff's Pretrial Statement

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| PRIMO MATEO, JR. | ) | CIVIL NO. 04-00716 HG/LEK |
| Plaintiff, | ) | (In Admiralty) |
| vs. | ) | |
| NCL, AMERICA, INC.; PRIDE OF | ) | CERTIFICATE OF SERVICE |
| ALOHA, INC.; In Personam, and the | ) | |
| M/V PRIDE OF ALOHA, O.N. | ) | |
| 1153219 In Rem, | ) | |
| Defendants. | ) | |

<u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that a copy of the foregoing document was duly

served upon the following on  March 19,  2007  by the means indicated below:

|  | Via Hand Delivery | Via Mail | Via Fax 540-5040 |
|---|---|---|---|
| JEFFREY S. PORNOY, ESQ. | (  ) | ( X ) | (  ) |
| 1000 Bishop Street, Suite 1200 | | | |
| Honolulu, Hawaii  96813 | | | |

Attorney for Defendants NCL AMERICA, INC., PRIDE OF ALOHA, INC.,
and M/V PRIDE OF ALOHA, O.N. 1153219

DATED:  Honolulu, Hawaii  March 19, 2007

   /s/ Jay Lawrence Friedheim
JAY LAWRENCE FRIEDHEIM
Attorney for Plaintiff